OPINION
Defendant-appellant Wilma Jean Mattingly appeals her conviction and sentence in the Ashland Municipal Court on one count of operating a motor vehicle while under an FRA suspension, in violation of R.C. 4507.02(B)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 10, 1997, appellant was operating a motor vehicle on Broad Street in Ashland, Ohio, when Lt. Gary Warden of the Ashland Police Department initiated a traffic stop. Lt. Warden stopped appellant because he had knowledge she was under a suspension. Ultimately, appellant was cited and arrested for driving under financial responsibility suspension, in violation of R.C. 4507.02(B)(1).
The trial court entered a plea of not guilty on appellant's behalf. The matter was tried to the court on January 9, 1998. After hearing all the evidence, the trial court entered a verdict of guilty and ordered appellant to pay a fine of $200.00 plus costs. It is from this conviction and fine appellant prosecutes this appeal.
Appellant has filed a pro se brief in this Court. We begin by noting appellant has failed to comply with App.R. 16 and Local App.R. 9.
App.R. 16(A) requires an appellant to include the following in her brief:
(1) A table of contents, with page references.
 (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 (4) A statement of the issues presented fro review, with references to the assignments of error to which each issue relates.
 (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 (6) A statement of facts relevant to the assignments of error presented fro review, with appropriate references to the record in accordance with division (D) of this rule.
 (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 (8) A conclusion briefly stating the precise relief sought.
App.R. 16(E) requires a party to reproduce any provisions of constitutions, statutes, ordinances, rules, or regulations necessary for the determination of the assignments of error presented. Local R. 9(A)(1) requires an appellant to submit a copy of the judgment entry appealed from. Appellant's brief does not satisfy any of the aforementioned requirements; therefore, is noncompliant.
Because appellant's brief fails to comply with the rules, such deficiencies are tantamount to the failure to file a brief. Although this Court has the authority under App.R. 18(C) to dismiss an appeal for failure to file a brief, we, nonetheless, in the interest of justice, will address appellant's argument. As best we can determine, appellant asserts the trial court's decision was against the manifest weight of the evidence and/or the complaint was deficient.
Crim.R 12(B)(1) specifically states:
 Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:
 (1) Defenses and objections based on defects in the institution of the prosecution.
Appellant has failed to identify where in the record she brought the alleged deficiencies in the complaint to the trial court's attention. Because of appellant's failure to demonstrate she raised any defenses and/or objections based upon defects in the complaint, we overrule her appeal as it relates to any defects in the complaint.
Appellant also appears to argue the trial court's decision is against the manifest weight of the evidence. The record also reflects appellant failed to request a transcript pursuant to App. R. 9(B) or submit a statement of evidence pursuant to App.R. 9(C).
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Lab. (1980),61 Ohio St.2d 197. Because appellant has failed to provide this court with those portions of the transcript necessary for resolution of the assigned errors, i.e., the transcript of the January 9, 1998 trial, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in Knapp, supra.
Appellant's assignment of error is overruled.
The judgment of the Ashland Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant.